NOTICE
Decision filed 01/06/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 240388-U

NO. 5-24-0388

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Vermilion County. |
| | ) | |
| v. | ) | No. 05-CF-554 |
| | ) | |
| KENNETH GRAY, | ) | Honorable |
| | ) | Mark S. Goodwin, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and Bollinger concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the defendant failed to establish prejudice, the circuit court did not err in denying him leave to file a successive postconviction petition, and since no argument to the contrary would have merit, this court grants the defendant's appellate counsel leave to withdraw and affirms the judgment of the circuit court.

¶ 2    The defendant, Kenneth Gray, murdered his wife in 2005. For that crime, he has been serving a prison sentence of 56 years. The instant appeal is from the circuit court's order that denied the defendant's second motion for leave to file a successive petition for relief under the Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2022)). His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that this appeal lacks merit and, on that basis, has filed with this court a motion for leave to withdraw as counsel, along with a supporting memorandum of law. See *Pennsylvania v. Finley*, 481 U.S. 551 (1987). The

1

defendant has filed with this court an objection to the *Finley* motion. Having reviewed OSAD's *Finley* motion and memorandum, the defendant's objection, relevant portions of the record on appeal, and prior appellate decisions relating to the criminal case, this court agrees with OSAD that the instant appeal lacks merit. OSAD is granted leave to withdraw as counsel, and the judgment of the circuit court is affirmed.

¶ 3                                   I. BACKGROUND

¶ 4      The facts of the underlying Vermilion County criminal case are set forth most fully in an earlier appeal. See *People v. Gray*, 2012 IL App (4th) 100038-U. In years past, Vermilion County was in the Fourth Judicial District, but it has been in the Fifth Judicial District since January 1, 2022.

¶ 5      On September 25, 2005, the defendant murdered his wife, Kimberly Gray, by shooting her more than a dozen times, a few of those times in the chest. He was charged with first degree murder, and in October 2006, a jury found him guilty thereof. See 720 ILCS 5/9-1(a)(1) (West 2004). The jury also found the presence of certain aggravating factors. See 730 ILCS 5/5-8-1(a)(1)(d)(iii) (West 2004). On March 15, 2007, the trial court sentenced the defendant to imprisonment for 56 years, which included a 25-year sentence enhancement due to those aggravating factors.

¶ 6      On direct appeal to the Appellate Court, Fourth District, the defendant presented four arguments relating to his conviction and sentence. The appellate court rejected all of them and affirmed the judgment of conviction. *People v. Gray*, No. 4-07-0233, 379 Ill. App. 3d 1090 (2008) (table) (unpublished order under Illinois Supreme Court Rule 23).

¶ 7      In the 13 years following the direct appeal, the defendant mounted a few collateral attacks on the judgment. In March 2009, February 2010, and July 2012, he filed three *pro se* petitions for

relief from judgment. See 735 ILCS 5/2-1401 (West 2024). In September 2009, he filed a *pro se* petition for relief under the Post-Conviction Hearing Act. See 725 ILCS 5/122-1 (West 2008). In October 2021, he filed a *pro se* motion for leave to file a successive postconviction petition. See 725 ILCS 5/122-1(f) (West 2020). These various collateral attacks, which together presented dozens of claims challenging the defendant's conviction and sentence, all ended in abject failure in the trial court, and in the appellate court when there was an appeal. See *People v. Gray*, No. 4-09-0711, 406 Ill. App. 3d 1222 (2011) (table) (unpublished order under Illinois Supreme Court Rule 23), *People v. Gray*, 2012 IL App (4th) 100038-U, *People v. Gray*, 2013 IL App (4th) 120970-U, *People v. Gray*, 2025 IL App (5th) 230140-U.

¶ 8    On February 20, 2024, while the last-mentioned appeal was still pending, the defendant filed his second *pro se* motion for leave to file a successive postconviction petition. The defendant claimed that before and during his trial, the trial prosecutor, who was the first assistant state's attorney in Vermilion County, was under investigation by the Federal Bureau of Investigation (FBI) and the Illinois State Police (ISP), and that the State suppressed this information from the defense, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), thus depriving the defendant of his due-process right to a fair trial. According to the defendant, he had recently learned, through Freedom of Information Act requests to the U.S. Department of Justice, "the details of the investigation." The trial prosecutor, the defendant alleged, had been "steeped in corruption," had been "addled" by cocaine and other drugs, had accepted bribes from gang members and "vulnerable females," and had lied about these matters to the FBI.

¶ 9    Accompanying the defendant's motion for leave was a collection of approximately 490 pages of documentation, specifically, investigative materials, which were mostly from the FBI. These materials showed that an investigation of the trial prosecutor began in December 2003 and

3

continued until 2008. The investigation focused on the prosecutor's alleged use of cocaine and other illegal drugs, and on his alleged dismissal of criminal cases, or recommendations of lighter sentences, in exchange for drugs or sexual favors.

¶ 10    On February 28, 2024, the circuit court found that the defendant had failed to establish either cause or prejudice, and the court denied his motion for leave to file a successive postconviction petition. According to the court, the claimed undisclosed evidence was not favorable to the defendant and was "totally and completely irrelevant to the charges the Defendant faced."

¶ 11    The defendant filed a timely notice of appeal from the denial order. This court appointed OSAD as the defendant's appellate counsel.

¶ 12                              II. ANALYSIS

¶ 13    This appeal is from the circuit court's order denying the defendant leave to file a successive postconviction petition. Appellate review is *de novo*. *People v. Bailey*, 2017 IL 121450, ¶ 18. As previously stated, OSAD has filed a *Finley* motion to withdraw as counsel, together with a supporting memorandum of law. In the memorandum, OSAD raises only one potential issue, namely, whether the circuit court erred in denying the defendant leave to file. OSAD concludes that there would be no merit to an argument that the circuit court erred. The defendant has filed an objection to the *Finley* motion.

¶ 14    The Post-Conviction Hearing Act (Act) allows a defendant to collaterally attack a conviction by asserting that it resulted from a "substantial denial" of his constitutional rights. 725 ILCS 5/122-1(a)(1) (West 2024). The Act contemplates the filing of only one postconviction petition without leave of court. 725 ILCS 5/122-1(f) (West 2024). Claims not presented in an initial or amended postconviction petition are generally deemed forfeited. 725 ILCS 5/122-3 (West

4

2024). "[T]here are two exceptions where fundamental fairness requires that the bar against successive petitions be lifted." *People v. Wilson*, 2023 IL 127666, ¶ 23. The first exception is the "cause and prejudice" exception, which requires a defendant to demonstrate cause for his failure to bring the claim in his initial postconviction proceedings and to demonstrate prejudice from that failure. 725 ILCS 5/122-1(f) (West 2024); see also *Wilson*, 2023 IL 127666, ¶ 23. A defendant must establish both cause and prejudice to obtain leave of court to file a successive petition. *People v. Guerrero*, 2012 IL 112020, ¶ 15. The second exception, inapplicable here, is the "fundamental miscarriage of justice" exception, which requires a defendant to make a persuasive showing of actual innocence. *Wilson*, 2023 IL 127666, ¶ 23.

¶ 15    As explained below, this court finds that the defendant failed to establish the element of prejudice. Therefore, this court need not examine the element of cause.

¶ 16    Prejudice is shown by demonstrating that the claim not raised in the initial postconviction proceeding "so infected the trial that the resulting conviction or sentence violated due process." 725 ILCS 5/122-1(f) (West 2024); see also *People v. Lusby*, 2020 IL 124046, ¶ 27. In a motion for leave, all well-pleaded allegations and supporting affidavits are taken as true unless positively rebutted by the record. *People v. Blalock*, 2022 IL 126682, ¶ 48. Leave of court to file a successive petition should be denied "when it is clear, from a review of the successive petition and the documentation submitted by the [defendant], that the claims alleged by the [defendant] fail as a matter of law or where the successive petition with supporting documentation is insufficient to justify further proceedings." *People v. Smith*, 2014 IL 115946, ¶ 35.

¶ 17    Here, the defendant claimed a *Brady* violation. In *Brady*, the United States Supreme Court held that the prosecution's suppression of evidence favorable to an accused violates due process when the evidence is material to guilt or punishment. *Brady*, 373 U.S. at 87. There is no distinction,

5

for *Brady* purposes, between exculpatory and impeachment evidence. *United States v. Bagley*, 473 U.S. 667, 676-77 (1985). A defendant must show that "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles v. Whitley*, 514 U.S. 419, 435 (1995). That is, a defendant must show a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different. *People v. Harris*, 206 Ill. 2d 293, 311 (2002).

¶ 18    More specifically, the defendant claims that the State did not inform him that the prosecutor in his case was under FBI and ISP investigation for the alleged use of illegal drugs and for alleged public corruption related to that drug use. However, there was no *Brady* violation here. Nothing in the approximately 490 pages of documentation that accompanies the defendant's motion for leave, even assuming its truth, is exculpatory or favorable to the defendant in any way, and none of it could have been used to impeach any of the State's witnesses who testified at the defendant's trial. Nothing about the investigation shows that the prosecutor acted corruptly in this particular case, though he may have acted corruptly in other cases. None of the prosecutor's alleged actions impacted the defendant's criminal case in any conceivable way. The circuit court was correct in commenting, in its order denying the defendant leave to file a successive petition, that the prosecutor's alleged behavior was "totally and completely irrelevant" to the charges the defendant faced. As OSAD states in its *Finley* memorandum: "Because there likely would have been no change in the outcome of [the defendant's] trial, he cannot demonstrate that it infected his trial in any way, let alone in such a way that his conviction and sentence violate due process."

¶ 19                                    III. CONCLUSION

¶ 20    The defendant failed to establish the prejudice necessary to obtain leave to file a successive postconviction petition, and therefore, the circuit court did not err in denying leave. Any argument

6

to the contrary would lack merit. Accordingly, OSAD is granted leave to withdraw as the defendant's counsel on appeal, and the judgment of the circuit court is affirmed.

¶ 21     Motion granted; judgment affirmed.